IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ISABELINO COLMENARES-SILVA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-25-CV-01738-FB |
| | § | |
| PAM BONDI, United States Attorney General; KRISTI NOEM, Secretary of the United States Department of Homeland Security; TODD M. LYONS, Director of United States Immigration and Customs Enforcement; MIGUEL VERGARA, Field Office Director, U.S. Immigration and Customs Enforcement; BOBBY THOMPSON, Warden, South Texas ICE Processing Center, | § § § § § § § § § § § | |
| | § | |
| *Respondents*. | § | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Isabelino Colmenares-Silva's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (docket no. 1) and the Federal Respondents' ("Federal Respondents" or "Respondents") response (docket no. 4). After careful consideration, the petition (docket no. 1) is **GRANTED**. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Isabelino Colmenares-Silva (File Number A220-787-882) from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place **by no later than 12:00 p.m. on January 7, 2026;**

2. Respondents must **NOTIFY** Petitioner's counsel by email [Yasmin Elizabeth Voglewede, yasminv@elvoralaw.com, (210) 907-9736] of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

3. If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing;

4. Respondents shall **FILE** a Status Report **no later than 6:00 p.m. January 7, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

## BACKGROUND

Petitioner is in the custody of Respondents at the South Texas ICE Processing Center in Pearsall, Texas, located in the Western District of Texas. Petitioner is an asylum seeker from Venezuela who was detained by Immigration and Customs Enforcement ("ICE") on November 13, 2025, and is being held subject to mandatory detention without bond.

In October 2021, ICE apprehended Petitioner upon his entry into the United States and released him under an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226. He was charged with being present in the United States without having been inspected or admitted under Section 212(a)(6)(i) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1182(a)(6)(A)(i). The Federal Respondents issued a Notice to Appear ("NTA") placing him in "full" removal proceedings before an immigration judge ("IJ"). The 2023 NTA identified Petitioner as "an alien present without admission or parole"–not an "arriving alien"—and charged him with being present in the United States without being admitted or paroled under 8 U.S.C. § 1182(a)(6)(A)(i).

Following his release, Petitioner received a letter from the Executive Office for Immigration Review indicating that he was to appear before an immigration judge ("IJ") for his first hearing on October 19, 2022. At the hearing, Petitioner, through counsel, objected to the NTA alleging it violated the INA § 239(a)(1), which is a mandatory claim-processing rule requiring the NTA to designate a specific date and time for the initial immigration court hearing. The IJ terminated the removal proceedings without prejudice, and the Respondents reserved appeal. An appeal was filed within the required time of 30 days.

On November 13, 2025, Petitioner attended his regularly scheduled check-in, where ICE detained the Petitioner. No reason was given for his sudden detention. Nothing of record reveals any violation of the conditions of Petitioner's release.

On the same day, the Board of Immigration Appeals ("BIA") issued its decision in the Petitioner's case, and reinstated removal proceedings, finding that a recent decision allowed the IJ to amend the NTA on the Department of Homeland Security's motion.

It took the BIA three years to issue its decision in Petitioner's case. Petitioner applied for asylum on December 10, 2025.

By way of his habeas petition, Petitioner asserts his detention violates the Due Process Clause of the Fifth Amendment and the INA. His primary argument is that his detention violates the plain language of the INA because 8 U.S.C. § 1225 does not apply to individuals who previously entered and are now residing in the United States. Instead, Petitioner argues individuals such as himself are subject to a different statute, 8 U.S.C. § 1226(a) that (1) expressly applies to individuals who are charged as inadmissible for having entered the United States without inspection and (2) allows for release on conditional parole or bond. Petitioner contends that Respondents' new legal interpretation based on the

BIA's ruling in *In re Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025), is plainly contrary to the statutory framework and contrary to decades of agency practice applying § 1226(a) to persons in her situation.

## LEGAL FRAMEWORK

Habeas petitioners must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, ___ F. Supp. 3d ___, ____, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). They "bear[ ] the burden of proving that [they are] being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy [this] burden of proof by a preponderance of the evidence." *Id*. (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). Courts "considering a habeas petition must 'determine the facts and dispose of the matter as law and justice require.'" *Id*. (quoting 28 U.S.C. § 2243).

## DISCUSSION[1]

Petitioner argues his continued detention by ICE is based on the Federal Respondents' novel reading of 8 U.S.C. § 1225, which was adopted by the Board of Immigration Appeals on September 5, 2025. *See In re Yajure Hurtado,* 29 I. & N. Dec. 216, 220 (BIA 2025). The Federal Respondents assert that Petitioner is properly detained under § 1225(b)(1) and expressly deny any detention under § 1225(b)(2). They characterize Petitioner as "an applicant for admission" who was "intercepted at or near

---

[1] In its analysis of the facts, issues, and arguments presented in this case, the Court notes close similarity to that presented in many recent Petitions for Writ of Habeas Corpus filed in the Western District of Texas, and specifically, the San Antonio Division. The Court finds the reasoning in these similar cases persuasive and finds the ultimate determination based upon this reasoning correct. For that reason, and for the sake of expediency, the Court follows these opinions closely. *See, e.g., Mercado v. Lyons*, __ F. Supp. 3d __, Case No. 5:25-CV-1623-JKP, 2025 WL 3654268, at *3 (W.D. Tex. Dec. 11, 2025); *Acea-Martinez v. Noem*, No. 5:25-CV-01390-XR (filed Oct. 28, 2025) (addressing § 1225(b)(2)); *Guevara-Vasquez v. Thompson*, No. 5:25-CV-01372-XR (filed Nov. 25, 2025) (addressing § 1225(b)(1)).

the port of entry shortly after unlawfully entering" the United States. (Docket no. 4 at page 2). Respondents thus contend that Petitioner is properly described under § 1225(b)(1)(A)(iii)(II), and not under the "catchall" provision of § 1225(b)(2)(A). (*Id.*). According to the Federal Respondents:

> The main difference between those described under § 1225(b)(1)(A)(iii)(II), and not under the "catchall" provision (1225(b)(2)) is that the (b)(1) group is apprehended within two years of unlawful entry, and DHS has the discretion to either place them into expedited removal proceedings or issue an NTA to place them into "full" removal proceedings. *See* § 1225(b)(1)(A)(iii)(I); see also 8 C.F.R. § 239.1 (DHS has the discretion to issue an NTA at the port of entry in lieu of expedited removal proceedings). Aliens detained under the catchall provision, however, are not eligible to be placed into expedited removal proceedings and are subject only to "full" removal proceedings. *See, e.g., Garibay-Robledo v. Noem*, No. 1:25–CV–177–H (N.D. Tex. Oct. 24, 2025). As such, he is detained under § 1225(b)(1)(A)(iii)(II).

(*Id.* at page 3). As contended by the Federal Respondents, Petitioner is detained under § 1225(b)(1)(A)(iii)(II) because he was apprehended the same day he unlawfully entered the United States and was not placed in expedited removal proceedings. They contend that § 1225(b) allows indefinite detention without a bond hearing. Further, given the plain language of § 1225(a)(1), the Federal Respondents contend Petitioner cannot dispute that he is an applicant for admission, nor can he plausibly challenge the determination that he is "seeking admission" simply because he is not currently at the border requesting to come into the United States. The Federal Respondents also challenge this Court's jurisdiction. The Court will address the jurisdictional challenges first.

**A. Challenges to Jurisdiction**

As a threshold matter, Respondents argue that 8 U.S.C. §§ 1252(g) and 1225(b)(4) preclude review of Petitioner's claims. The Court turns to each section in turn.

**1. Section 1252(g)**

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [Chapter 12 of Title 8 of the United States Code]." 8 U.S.C. § 1252(b). The Supreme Court has emphasized that § 1252(g) "applies only to three discrete actions that the Attorney general may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). This provision "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders and thus does not implicate section 1252(g)." *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)).

Petitioner does not challenge a decision to commence removal proceedings, adjudicate a case against him, or execute a removal order. He instead specifically challenges the decision, or basis, to detain him. For this reason, § 1252(g) does not deprive the Court of jurisdiction under these facts and specific challenge. *Mercado v. Lyons*, __ F. Supp. 3d __, Case No. 5:25-CV-1623-JKP, 2025 WL 3654268, at *3 (W.D. Tex. Dec. 11, 2025) (citing *Guevara v. Swearingen*, No. 25 C 12549, 2025 WL 3158151, at *2 (N.D. Ill. Nov. 12, 2025)).

**2. Section 1225(b)(4)**

The Federal Respondents' arguments under 8 U.S.C. § 1225(b)(4) are also unpersuasive. Section 1225(b)(4) provides:

> The decision of the examining immigration officer, if favorable to the admission of any alien, shall be subject to challenge by any other immigration officer and such challenge shall operate to take the alien whose privilege to be admitted is so challenged, before an immigration judge for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(4). "This section is not relevant in cases like this one involving an 'applicant for admission' who has not received a favorable determination of his admissibility." *Mercado*, 2025 WL 3654268, at *3 (citing *Erazo Rojas v. Noem*, No. EP-25-CV-443-KC, 2025 WL 3038262, at *2 (W.D. Tex. Oct. 30, 2025)). Nor does it pose a jurisdictional bar in such cases. *Id.*; *see also Ordonez-Lopez v. U.S. Dep't of Homeland Sec.*, No. EP-25-CV-470-KC, 2025 WL 3123828, at *2 (W.D. Tex. Nov. 7, 2025) (rejecting same argument).

### 3. Section 1252(b)(9)

To the extent Respondents contend that § 1252(b)(9) presents a jurisdictional bar, the Court rejects this contention. Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus ... or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). Section 1252(b)(9) "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Department of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up); *see also Nielsen v. Preap*, 586 U.S. 392, 402 (2019). This provision "does not ... 'sweep within its scope claims with only a remote or attenuated connection to the removal of an alien' ... [or] preclude review of claims that 'cannot be raised efficaciously within the

administrative proceedings' already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. ICE*, 510 F.3d 1, 10 (1st Cir. 2007)).

Courts have found that "certain claims are excluded from the sweep of section 1252(b)(9) by virtue of legislative intent and judicial precedent." *Aguilar*, 510 F.3d at 11. "For example, challenging a decision to deny a bond hearing does not present circumstances that manifest a jurisdictional bar under § 1252(b)(9)." *Mercado*, 2025 WL 3654268, at *4 (citing *Preap*, 586 U.S. at 402). And this provision's "legislative history indicates that Congress intended to create an exception for claims 'independent' of removal." *Aguilar*, 510 F.3d at 11.

Importantly, § 1252(b) only sets forth nine applicable requirements "[w]ith respect to review of an order of removal under subsection (a)(1)." *Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025) (quoting introductory text of § 1252(b)). The circumstances of this case do not place any order of removal at issue. "Contrary to the government's position, the mere fact that a noncitizen is detained does not deprive district courts of jurisdiction under § 1252(b)(9)." *Id.* As stated by the Supreme Court: "The question is not whether detention is an action taken to remove an alien but whether the legal questions in this case arise from such an action." *Jennings v. Rodriguez*, 583 U.S. 281, 295 n.3 (2018) (plurality op.) (emphasis in original); *see also Ozturk*, 136 F.4th at 399 (recognizing that "the discussion of § 1252(b)(9) in *Jennings* is not part of the plurality opinion of the Court," while also recognizing that "the relevant part of *Jennings* does not support the conclusion that § 1252(b)(9) bars jurisdiction over habeas challenges to detention" and that part "in fact rejected the government's 'expansive interpretation of § 1252(b)(9)'").

Petitioner specifically challenges the Federal Respondents' legal authority to subject him to mandatory detention under § 1225, instead of detention with a bond hearing under § 1226(a). This

specific challenge does not constitute "a review [of] an order of removal, the decision to seek removal, or the process by which removability will be determined." *Mercado*, 2025 WL 3654268, at *4 (quoting *Beltran v. Noem*, No. 25-CV-2650, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025). Accordingly, § 1252(b)(9) does not provide a jurisdictional bar in this case. *Id.*

Moreover, Petitioner does not have the opportunity to "efficaciously" present his claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647 (quoting *Aguilar*, 510 F.3d at 11). "Under these procedural facts, the core of this dispute is whether Petitioner can be detained with no bond hearing, that is, with no administrative opportunity to contest her detention pending a removal determination. If § 1252(b)(9) precluded this habeas petition, Petitioner's detention would be effectively unreviewable, especially considering the BIA's novel position that immigration judges lack authority to entertain bond requests." *Mercado*, 2025 WL 3654268, at *4 (citing *Jennings*, 583 U.S. at 293; *In re Yajure Hurtado*, 29 I. & N. Dec. at 220). "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Jennings*, 583 U.S. at 293.

In sum, the Court concludes the Federal Respondents' jurisdictional challenges fail, and the Court has jurisdiction to consider the arguments presented in the instant habeas petition.

**B. Review of Substantive Merits**

Under the Federal Respondents' argument concerning § 1225(b)(1), Petitioner is currently mandatorily detained because he was initially detained upon entering the United States and released as an exercise of prosecutorial discretion rather than placed into expedited removal proceedings, which would have invoked a mandatory detention provision. Notably, however, the Federal Respondents

specify that Petitioner was placed into removal proceedings under 8 U.S.C. § 1226, not § 1225(b)(1).

The Federal Respondents contend Petitioner is detained under 8 U.S.C. § 1225(b)(1)(A)(iii)(II). As reflected in the NTA issued for Petitioner, he has not been designated as an "arriving alien." Thus, to contend that his present detention is authorized under subparagraph (b) of § 1225, the Federal Respondents must show that Petitioner was determined to be inadmissible under either 8 U.S.C. § 1182(a)(6)(C) (discussing aliens who seek admission by fraud or willful misrepresentation) or § 1182(a)(7) (discussing required documentation for admission of immigrants and nonimmigrants) within two years of his entry into the United States. The 2023 NTA charged Petitioner under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present without admission or parole." The Federal Respondents identify no other charge of inadmissibility. Nor do they contend "Petitioner has been deemed inadmissible under any provision let alone the two specific bases identified in subparagraph (b) of § 1225." *Mercado*, 2025 WL 3654268, at *5. Accordingly, Respondents' position that Petitioner is detained under 8 U.S.C. § 1225(b)(1)(A)(iii)(II) is "inconsistent with the NTA and release" and "conflicts with the plain language of § 1225(b)(1)." *Id*.

"Section 1226 applies under the facts here, *i.e.*, the Petitioner was initially detained more than two years ago, was released on [his] own recognizance and "has been present without a determination of inadmissibility within two years of Petitioner's entry." *Id.* (quoting *Lopez v. Lyons*, No. 2:25-CV-03174-DJC-CKD, 2025 WL 3124116, at *2 (E.D. Cal. Nov. 7, 2025)). This is exactly the Federal Respondents' position in this case.

And, in general, § 1225(b)(1) "does not apply to aliens who are already present in the country." *Id.* (internal quotation omitted). Indeed, "mere 'unlawful presence' under § 1182(a)(6)(A)(i) cannot,

as a textual matter, serve as grounds for the necessary inadmissibility determination required by § 1225(b)(1)(A)." *Mercado*, 2025 WL 3654268, at *6.

Moreover, § 1225(b)(1) requires detention for certain aliens undergoing expedited removal proceedings. See 8 U.S.C. § 1225(b)(1), (b)(1)(B)(ii), (b)(1)(B)(iii)(IV). But the Federal Respondents suggest that Petitioner is currently in "full" removal proceedings. "They have conceded in other cases that a noncitizen cannot simultaneously be in both full and expedited removal proceedings." *Mercado*, 2025 WL 3654268, at *6 (citing *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5 (W.D. Ky. Oct. 3, 2025) (collecting cases). Thus, presuming § 1225(b)(1) could apply as a general matter to Petitioner, he is not subject to expedited removal proceedings and, therefore, is not subject to the detention provisions of § 1225(b)(1). *Id.* The Federal "Respondents cannot detain Petitioner in connection with expedited removal proceedings that do not exist." *Id.*

As Texas Western District Judge Jason K. Pulliam summarized in *Mercado*:

> Stated simply, Respondents may not detain Petitioner under § 1225(b)(1). Because that provision is inapplicable under the facts, Petitioner's present detention necessarily falls under 8 U.S.C. § 1226, which entitles her to a bond hearing. *See, e.g., Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025) (addressing § 1225(b)(2)). Despite Respondents' reliance on § 1225(b)(1), rather than § 1225(b)(2), this Court sees no material difference between the facts of this case and the numerous other habeas cases that raise the question of whether § 1225(b)(2) applies to all noncitizens who, like Petitioner, are already in the country but entered without inspection. Under the facts here, whether the Government premises detention on § 1225(b)(1) or (2), the issues surrounding the mandatory detention are essentially the same. If § 1225(b) applies to Petitioner under the facts of this case, then § 1225(b) makes detention mandatory for Petitioner. If not, § 1226(a) applies, thereby making her detention discretionary.
>
> As already stated, § 1226(a) applies here. Absent an assertion by Respondents that they are detaining Petitioner under § 1226, the Court has no need to consider whether § 1226 is a valid basis for Petitioner's current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025). The same can be said regarding

potential detention under § 1225(b)(2).2 In addition, the Court will not consider any specific constitutional challenge presented.

*Id.*

Finally, although Petitioner invokes jurisdiction under 28 U.S.C. §§ 1331 and 2241, the Court treats the instant action solely as a habeas action under § 2241. Petitioner does not specifically bring any non-habeas claim and has not paid the required filing fee for any such claim. *See Ndudzi v. Castro*, No. SA-20-CV-0492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief."). Under the facts and circumstances of this case, this Court must conclude Petitioner's detention is unlawful and habeas relief is proper.

### C. Attorney's Fees

Finally, Petitioner requests attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). Because fees under the EAJA are not available in habeas corpus proceedings like this one, that request is denied. *Barco v. Witte*, 65 F.4th 782. (5th Cir. 2023).

### CONCLUSION

For the foregoing reasons, the Petition for Habeas Corpus (docket no. 1) is **GRANTED**. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Isabelino Colmenares-Silva (File Number A220-787-882) from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place **by no later than 2:00 p.m. on January 7, 2026;**

2. Respondents must **NOTIFY** Petitioner's counsel by email [Yasmin Elizabeth Voglewede, yasminv@elvoralaw.com, (210) 907-9736] of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

3. If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing;

4. Respondents shall **FILE** a Status Report **no later than 6:00 p.m. January 7, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

A Final Judgment will be issued separately.

It is so ORDERED.

SIGNED this 5th day of January, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE